# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20057-CM-1 |
| MARLO TOOMBS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On remand from the Tenth Circuit Court of Appeals, and pursuant to 18 U.S.C. § 3162(a)(2), this court must dismiss the indictment against defendant Marlo Toombs. *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). The question before the court is whether the dismissal should be with or without prejudice. The parties have briefed the issue, and after careful review and consideration, the court finds that for the reasons set below, the indictment against defendant should be dismissed without prejudice.

## I. Judgment Standards

Relevant factors in determining whether a dismissal should be with or without prejudice include, but are not limited to: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(2); *United States v. Taylor*, 487 U.S. 326, 332–33, 336–37 (1988).

## II. Analysis

<u>Seriousness of the Offense</u>

The indictment charges defendant with serious felony offenses related to narcotics and firearms. *See United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009) (noting that being a felon in possession of a firearm is a serious offense, citing *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002), 18 U.S.C. § 3162(a)(2), and noting that felony drug charges are generally treated as serious offenses, citing *United States v. Saltzman*, 984 F.2d 1087, 1093 n.8 (10th Cir. 1993); 21 U.S.C. § 841(a)(1), (b)(1)(A)). This factor weighs heavily in favor of dismissal without prejudice.

## Facts and Circumstances Leading to Dismissal

In evaluating the facts and circumstances leading to dismissal, the court focuses on the culpability of the delay-producing conduct. *Williams*, 576 F.3d at 1158; *Saltzman*, 984 F.2d at 1093–94 (noting that, for example, where the delay in bringing the case to trial is the result of intentional dilatory conduct, or a pattern of neglect on the part of the government, dismissal with prejudice is the appropriate remedy); *cf. Taylor*, 487 U.S. at 334 (noting the legislative history surrounding the absence of prejudice to the defendant as one of the listed factors the court should consider). Here, the facts that led to the dismissal involve the court's failure to find specific facts to support its orders granting requests for "ends of justice" continuances. There were nine such requests and grants. Of these, seven were filed by defendant. Eight were unopposed. The record shows no dilatory conduct or pattern of neglect by the government. The record demonstrates that defendant was primarily responsible for the delay. And defendant first raised the speedy trial issue in motions filed *after* the Speedy Trial Act violation occurred. *See Saltzman*, 984 F.2d at 1094 (holding that a defendant who waits passively while the time runs has less claim to dismissal with prejudice than a defendant who demands, but does not receive, prompt attention); *United States v.*

*Abdush-Shakur*, 465 F.3d 458, 463 (10th Cir. 2006) (holding that the defendant "must also shoulder his share of the responsibility for the delay" that resulted in a violation of the Speedy Trial Act). This factor weighs heavily in favor of dismissal without prejudice.

### Impact of a Reprosecution

In determining whether a dismissal with or without prejudice serves the administration of the Speedy Trial Act and of justice, a court should consider, among other factors, whether the delay caused by the government was intentional. *Williams*, 576 F.3d at 1159. Another relevant consideration is the prejudice suffered by the defendant from the delay, although this is not a dispositive factor. *Williams*, 576 F.3d at 1159; *Abdush-Shakur*, 465 F.3d at 463–64; *Saltzman*, 984 F.2d at 1094; *see also United States v. Taylor*, 487 U.S. 326, 334 (1988). The defendant has a burden under the Act to show prejudice other than that occasioned by the original filing. *Saltzman*, 984 F.2d at 1094.

Defendant suggests that the length of the delay was prejudicial and that the government used the delay to gain a tactical advantage. The court agrees with the Tenth Circuit that while the delay of nearly twenty-two months between defendant's arraignment and his trial is substantial, it does not constitute extreme delay. *Toombs*, 574 F.3d at 1275 (citing *Doggett v. United States*, 505 U.S. 647, 655 (1992)). Further, the court finds that the government did not manipulate the Act in order to gain a tactical advantage. As noted by the Tenth Circuit, it was defendant's own requests for continuances that contributed significantly to the passage of time within which the government was able to locate and arrest his codefendant. *Toombs*, 574 F.3d at 1275. Defendant fails to point to any specific prejudice relating to the government's conduct or the speedy trial violation that would weigh in favor of dismissing with prejudice.

Defendant also suggests that the dismissal was necessitated by the failure of the court and the

prosecutor to uphold or implement the Act and "long-standing precedent." (Doc. 142, at 4) (citing *United States v. Williams*, 511 F.3d 1044, 1056 (10th Cir. 2007). Indeed, this court shares in the blame for the delay. Nevertheless, this fact does not necessarily weigh in defendant's favor. The court finds that neither party attempted to abuse the Speedy Trial Act. Because the delay caused was unintentional and was largely invited by defendant, the court finds that these considerations weigh neutral at best. *See Abdush-Shakur*, 465 F.3d at 463–64 (stating that "[w]here the delay caused . . . is unintentional and the district court takes it upon itself to share in the blame for the delay, the administration of justice is not served by dismissal with prejudice"). Further, the public's interest, which is also protected by the Speedy Trial Act, would not be served by dismissal with prejudice. The court finds that the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice weighs in favor of dismissal without prejudice.

## Conclusion

The factors this court is required to consider in deciding whether to dismiss with or without prejudice weigh in favor of dismissal without prejudice. The indictment is therefore dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 6th day of January 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**